COMMONWEALTH *vs.* RAYMOND A. WOOD.

Middlesex.     November 29, 1927. — November 30, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Circumstantial, Presumptions and burden of proof. *Motor Vehicle*, Operation. *Intoxicating Liquor*.

A verdict of guilty of operating a motor vehicle on a public way while under the influence of intoxicating liquor is warranted by evidence that, at about half past two in the afternoon of an August day, there was a crash of colliding automobiles on a public way where traffic was at the time stopped because of a railroad train crossing the street; that the defendant was immediately thereafter found sitting in the front seat of an automobile "in a slumped down position behind the wheel"; that the automobile, in which the defendant was alone, was not in motion and its motor was stopped; that it was the last of four automobiles on the street car tracks about fifteen feet from the curb in the line of traffic; and that the defendant was drunk.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on September 7, 1927, charging the defendant with operating a motor vehicle on a public way in Cambridge while under the influence of intoxicating liquor and with having been convicted of the same offence on September 19, 1925.

On appeal to the Superior Court, the complaint was tried before *Gibbs*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285; 1927, c. 282. Material evidence is stated in the opinion. A motion that a verdict of not guilty be entered was denied. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*G. A. McLaughlin*, for the defendant.

*R. T. Bushnell*, District Attorney, & *W. L. Bishop*, Assistant District Attorney, for the Commonwealth.

. RUGG, C.J. The defendant was tried on a complaint charging him with operating an automobile on a public way while under the influence of intoxicating liquor, having been

convicted of a like offence within the preceding period of six years. The only question raised is whether there was error in the denial of the defendant's motion for a directed verdict in his favor. There was evidence tending to show that, at about half past two in the afternoon of an August day in the current year, there was a crash of colliding automobiles on Cambridge Street in Cambridge where traffic was at the time stopped because of a railroad train crossing the street; that the defendant was immediately thereafter found sitting in the front seat of an automobile "in a slumped down position behind the wheel"; that the automobile, in which the defendant was alone, was not in motion and its motor was stopped; that it was the last of four automobiles on the street car tracks about fifteen feet from the curb in the line of traffic; and that the defendant was drunk and had been convicted of a like offence within the statutory period.

It is provided by St. 1925, c. 297, that "Whoever upon any way operates a motor vehicle . . . while under the influence of intoxicating liquor . . . shall be punished."

This presents a typical case for the application of the rule of circumstantial evidence. "The true rule of law respecting the probative character of circumstantial evidence is well settled. It is that the circumstances must be such as to produce a moral certainty of guilt, and to exclude any other reasonable hypothesis; 'that the circumstances taken together should be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty, that the accused, and no one else, committed the offence charged.'" *Commonwealth* v. *Russ*, 232 Mass. 58, 68. The positions of the automobile and of the defendant and all the circumstances amply justified a finding beyond a reasonable doubt that the defendant must have operated the automobile in violation of the statute.

*Exceptions overruled.*