COMMONWEALTH *vs.* WILLIAM USKI.

SAME *vs.* SAME.

Worcester. January 10, 1928. — March 2, 1928.

Present: BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Motor Vehicle,* Operation. *Evidence,* Competency.

A person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle.

The words of G. L. c. 90, § 24, "Whoever upon any way operates a motor vehicle," include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery.

At the trial of a complaint for operating a motor vehicle while under the influence of intoxicating liquor and after suspension of a license to operate, it was proper to exclude a question, asked of the defendant, "In getting in the front seat . . . with B, what did you intend to do . . . " and the offered proof that the witness would answer, "that . . . [he] merely intended to turn the lights on and that he would sit in the car with B and wait for his friend A to come and drive them to New Hampshire."

Two COMPLAINTS, received and sworn to in the District Court of Fitchburg on July 1, 1927, and described in the opinion.

On appeal to the Superior Court, the complaints were tried before *Butterworth,* J., a judge of a district court sitting in the Superior Court under St. 1927, c. 282. Material evidence and exceptions by the defendant are stated in the opinion. The defendant was found guilty and alleged exceptions.

*J. A. Anderson,* for the defendant.

*H. W. Brown,* Assistant District Attorney, (*E. G. Norman,* Assistant District Attorney, with him,) for the Commonwealth.

PIERCE, J. These are two complaints: one charging that the defendant did operate a motor vehicle upon a way in the

city of Fitchburg while under the influence of intoxicating
liquor, he having been previously convicted of a similar
offence in 1925; the other charging that the defendant, on
June 30, 1927, did operate a motor vehicle upon a way in
the city of Fitchburg after his right to operate motor vehicles
in this Commonwealth had been suspended by the registrar
of motor vehicles.    The defendant pleaded not guilty to these
complaints.    At the trial it was admitted that the defendant
had been convicted in the District Court of Fitchburg, in
1925, for operating a motor vehicle while under the influence
of liquor; that his license to operate motor vehicles in this
Commonwealth had been suspended by the registrar of motor
vehicles as a result of that conviction; and that said suspen-
sion was still in force.

A police officer testified in substance that, acting upon
information that the defendant was operating his automobile
without a license and while under the influence of liquor, at
a little after 10 P.M. on June 30, 1927, he watched a touring
car with a New Hampshire registration standing at the curb
on Main Street in Fitchburg, headed west, without lights
but under an arc light; that, a short time after, the defendant
with one Benson and other men came out of a house opposite
the place where the car was; that Benson and the defendant
walked across the street and got into the car; that the defend-
ant took keys out of his pocket, turned on the lights and
started the motor; that the car moved four or five feet when
it was stopped by the officer, and he placed the defendant
under arrest.    He further testified that the defendant was
drunk.    The defendant admitted pleading guilty to drunk-
enness in the District Court the following morning.

The defendant testified, in substance, that he lived in New
Hampshire; that his car was registered there; that he had
no license to operate in Massachusetts; that one Aho, who
lives in New Hampshire, drove the car from New Hampshire
to the place where it was found by the officer; that they then
separated and he had an appointment to meet Aho who was
to drive him and Benson back to New Hampshire; that he
got into the car behind the wheel, put the keys in the switch
and turned on the lights as the car was not lighted; and that

he did not touch any of the machinery in turning the light switch on. Aho testified that he lives in New Hampshire; that he had a license to operate motor vehicles and drove the car from New Hampshire to Main Street, Fitchburg, and left it where the officer found it. On behalf of the defendant two witnesses, who roomed in the house whence the defendant came to his car, testified in substance that they saw the defendant come from the house with Benson; that he turned on the lights, and had been seated in the car about five minutes when the officer came; that the defendant did not start the motor and the car did not move.

The case was submitted to the jury under instructions and the defendant excepted to the part which follows: "If you find that the defendant while under the influence of intoxicating liquor got into his automobile which was standing in the street and manipulated the machinery of the motor for the purpose of putting the automobile into motion, the defendant being in the car and in a position to control its [movements], the defendant would be guilty of operating the car under the influence of intoxicating liquor whether the automobile moved or not." The exception to the charge must be overruled. A person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle. The words of the statute "Whoever upon any way operates a motor vehicle" include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery. *Commonwealth* v. *Henry*, 229 Mass. 19. *Commonwealth* v. *Clarke*, 254 Mass. 566. *Commonwealth* v. *Wood*, 261 Mass. 458.

The exclusion of the question "In getting in the front seat . . . with Benson, what did you intend to do . . ." and the offered proof that the witness would answer, "that . . . [he] merely intended to turn the lights on and that he would sit in the car with Benson and wait for his friend Aho to come and drive them to New Hampshire," was right. The question for the jury was what did the defendant do as shown

by the evidence, and not what he secretly intended to do with the automobile.   Moreover, the defendant was not harmed, as he had testified in cross-examination "that he got into car and turned lights on and waited for Aho."

*Exceptions overruled.*