## COMMONWEALTH vs. SHARON L. HILTON.

Middlesex.   May 6, 1986. — July 15, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Required
     finding.

At the trial of a complaint for operating an automobile while under the
     influence of intoxicating liquor, there was sufficient circumstantial evi-
     dence to warrant a finding that the defendant was intoxicated at the time
     she drove an automobile to an intersection where two police officers,
     on routine patrol during the early hours of the morning, found the
     defendant apparently asleep in the front seat of the vehicle, which was
     parked half on the street and half on the sidewalk. [67-68]

COMPLAINT received and sworn to in the Woburn Division
of the District Court Department on June 4, 1984.

The case was tried in the jury session of the Lowell Division
before *John B. Murphy,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*John P. McGloin* for the defendant.

*Michael Fabbri,* Assistant District Attorney (*Pamela L.
Hunt,* Assistant District Attorney, with him) for the Common-
wealth.

LIACOS, J. Sharon L. Hilton was tried before a jury of six
on a complaint that she had operated an automobile on a public
way while under the influence of intoxicating liquor.[1] Hilton

---

[1] General Laws c. 90, § 24 (1) (*a*) (1) (1984 ed.), provides in pertinent
part: "Whoever, upon any way or in any place to which the public has a
right of access . . . operates a motor while under the influence of intoxicating
liquor . . . shall be punished by a fine of not less than one hundred nor
more than one thousand dollars, or by imprisonment for not more than two
years, or both."

moved, at the close of the Commonwealth's case, for a required finding of not guilty. Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979). The judge denied her motion. The jury returned a verdict of guilty.[2] After the verdict was recorded, Hilton renewed her motion for a required finding of not guilty. Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979). The judge denied this motion. Hilton appealed, and we transferred the case to this court on our own motion.[3] Hilton argues that the judge erred in denying her motions because the evidence was not sufficient to sustain a verdict of guilty.

We review a denial of a defendant's motion for a required finding of not guilty by considering whether the Commonwealth produced enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime was present. *Commonwealth* v. *Barry,* 397 Mass. 718, 719 (1986). *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979). *Jackson* v. *Virginia,* 443 U.S. 307, 318-319 (1979).

> "The true rule, therefore, is that a trial judge, in passing upon a motion for [a required finding of not guilty], must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable

---

[2] Following the verdict on the charge of operating a motor vehicle while under the influence of intoxicating liquor, Hilton entered a plea of guilty on a complaint that she was a third offender. See G. L. c. 90, § 24 (1) (*a*) (1). In conjunction with her appeal of the denial of her motions for a required finding, she asks us to vacate her plea to the third-offender charge.

[3] The sentence imposed has been stayed pending the resolution of this appeal.

doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter." (Footnote omitted.) *Curley* v. *United States,* 160 F.2d 229, 232-233 (D.C. Cir.), cert. denied, 331 U.S. 837 (1947).

We summarize the pertinent portions of the evidence presented to the jury. Two Reading police officers were on routine patrol during the early hours of the morning. The officers observed an automobile at the intersection of Grove Street and Lowell Street parked half on the street and half on the sidewalk. The automobile lights and engine were off. The police officers approached the automobile. Hilton was alone inside the vehicle, half sitting and half lying on the front seat, her feet on the floor near the brake and accelerator pedals, her head toward the passenger side of the front seat, facing forward in the automobile. Hilton appeared to be asleep. In an attempt to awaken her, the police officers yelled and pounded on the windows and the roof of the automoile for about five minutes. Finally, she was roused. When she opened the door, one officer removed the keys from the ignition switch.

One of the officers asked Hilton where she was coming from. She said she was coming from Lynn. He asked where she was going. Again, she said Lynn. He asked what she was doing in Reading, and Hilton said she was dropping off a friend but she could not remember where that friend lived. The officer noticed an odor of alcohol, and he observed that Hilton was glassy-eyed and seemed to lack comprehension of what was happening. The officers then asked Hilton to step out of the automobile to perform a field sobriety test. Hilton was unable to take more than two or three steps without stumbling. The police officers placed her under arrest. They found a six-pack beer carton in the automobile, with two full bottles of beer in the carton. An empty container was found in the front seat area. The officers saw no other empty bottle in or around the automobile. At the police station, Hilton was subjected to a breathalyzer test which showed that the percentage of alcohol in her blood was 0.11%.

As Hilton frames the issues, the Commonwealth must — and did not — produce sufficient evidence for a rational trier of fact to find, beyond a reasonable doubt, either of two factual possibilities: (1) she drove the automobile to the intersection of Grove and Lowell Streets, *and* she was under the influence of alcohol at the time she drove the automobile; or (2) she operated the automobile in the presence of the police officers.[4]

Hilton says that the automobile could have been driven by someone else to the location where she was arrested. The driver then, presumably, left the scene by other means. If so, Hilton's state of intoxication at any time would have been irrelevant, assuming for sake of argument that she did not later operate the vehicle. Assuming alternatively that Hilton drove the automobile to the Grove and Lowell Streets intersection, she argues that the Commonwealth introduced no evidence to establish that she was intoxicated at the time she drove the automobile. She says that no evidence was introduced to establish how long the automobile had been at that location; neither officer testified that he had asked her how long she had been there; and the only evidence tending to establish that she was intoxicated at the time she drove the automobile was the presence of an empty beer bottle and the absence of three bottles from the six-pack carton found in the automobile. Hilton says that this evidence could be interpreted to indicate that she drank the missing bottles of beer after she arrived and somehow disposed of the bottles not found by the arresting officers.

The evidence introduced by the Commonwealth does not prove directly that Hilton drove the automobile or that, if she drove the automobile, she was intoxicated at that time. The evidence is circumstantial. "That the case against [Hilton] was 'circumstantial' in some sense of that dubious term does not

---

[4] In the view we take of the case, we need not consider the validity of this second argument. We note, however, that Hilton does not argue that the Commonwealth did not show that she was under the influence of alcohol at the time of her arrest. Consequently, if the Commonwealth produced sufficient evidence to convince the jury that she operated the vehicle in the presence of the arresting officers, she would not be entitled to a required finding of not guilty. See *Commonwealth* v. *Uski,* 263 Mass. 22 (1928).

suggest that the proof was insufficient. . . . A web of convincing proof can be made up of inferences that are probable, not necessary." *Commonwealth* v. *Best,* 381 Mass. 472, 483 (1980). *Commonwealth* v. *McGahee,* 393 Mass. 743, 750 (1985). See *Commonwealth* v. *Smith,* 368 Mass. 126, 128 (1975). See *Commonwealth* v. *Montecalvo,* 367 Mass. 46, 54 (1975). On a motion for a required finding of not guilty, the judge is required to take the evidence presented in the light most favorable to the prosecution. *Commonwealth* v. *Seay,* 376 Mass. 735, 737 (1978). "What inferences are to be drawn in a given matter depends upon the facts, the circumstances and the teachings of experience with regard to them." *Allan* v. *Essanee, Inc.,* 309 Mass. 1, 7 (1941).

We have examined the evidence presented in the light most favorable to the prosecution. There was sufficient evidence presented that, in the circumstances, "a reasonable mind might fairly conclude guilt beyond reasonable doubt." *Curley* v. *United States, supra.*

The trier of fact would be justified in concluding that Hilton, in fact, drove the automobile to the intersection of Grove and Lowell Streets. She was found alone in the front seat of the automobile. She occupied a position in the seat consistent with that she might have occupied had she been a recent operator of the vehicle; her feet remained near the brake and accelerator pedals. The jury could infer that she lay down in that position directly from her position sitting in the driver's seat. The keys were in the ignition. Perhaps most convincing were her statements, in response to the officer's questions, that she had come from Lynn, she had dropped off a friend in Reading, and she was going back to Lynn. The trier of fact would be justified in inferring from that response, in this circumstance, that Hilton was admitting that she drove the automobile to its location at the Grove and Lowell Streets intersection.[5] Cf. *Commonwealth* v. *Henry,* 229 Mass. 19 (1917).

---

[5] We agree with the Delaware Superior Court which, faced with a similar fact pattern, said: "Cases based on 21 Del. C. § 4111(a) [prohibiting operation of a motor vehicle while under the influence of intoxicating liquor]

The cumulative weight of the details described in testimony by the police officers was sufficient to support the inference that Hilton was intoxicated at the time she drove the automobile. See *Comonwealth* v. *Wood,* 261 Mass. 458, 459 (1927). There is direct evidence that she was intoxicated when arrested. Only one empty bottle was found in her vicinity, indicating that she did not drink more than one bottle of beer after arriving at the Grove and Lowell Streets intersection. The manner in which the automobile was parked, half on the street and half on the sidewalk, was evidence that it may have been driven by a driver under the influence of alcohol. These various factors warranted a conclusion by a rational trier of fact that Hilton was intoxicated when she operated the automobile.

We hold that the judge did not err in denying Hilton's motions. Hilton makes no other argument to justify vacation of her plea of guilty on the complaint that she was a third offender. We decline her request to vacate the plea.

*Judgments affirmed.*

---

are not to be tried with an ostrich-like attitude — one's head in the sand. Defendant's car didn't reach the position where it was found by some magical process; no figure from outer space dropped it from the sky to Memorial Drive at its intersection with Bizarre Avenue, where it was found by the State Trooper; it had to have been 'operated' by someone to get it to the place where the Trooper found it, with defendant in it. The evidence clearly indicated it was practically, if not wholly, impossible to conceive that any person, other than the defendant, could have gotten into the driver's seat, manipulated the gears and driven it to the spot where it was found, with the defendant sitting as he was in relation to the driver's seat and with his feet situated as they were." *State* v. *Pritchett,* 53 Del. 583, 598-599 (Del. Super. Ct. 1961).