COMMONWEALTH *vs.* BRADLEY W. COLBY. March 24, 1987. *Motor Vehicle*, Operating under the influence. *Way*, Public: what constitutes. *Evidence*, Circumstantial. *Practice, Criminal*, Required Finding.

The defendant was tried before a jury of six on a complaint charging that he operated an automobile while under the influence of intoxicating liquor, in violation of G. L. c. 90, § 24(1) (*a*) (1). In his opening statement to the jury the prosecutor said the Commonwealth would present evidence that about 3:30 or 3:40 A.M. on August 17, 1985, police officers of the city of Westfield found the defendant's automobile parked on a public street with the engine running, headlights on, and the defendant lying across the

front seat asleep under the influence of intoxicating liquor. Defense counsel followed immediately with an opening statement conceding that the defendant was found asleep in the front seat of his automobile with the engine running and the headlights on, and further admitting that the defendant was not only under the influence of intoxicating liquor, but that he was actually intoxicated as established by the fact that he had registered a reading of .17 in a Breathalyzer test administered by the police pursuant to G. L. c. 90, § 24(1) (e). Defense counsel contended, however, (1) that at all times material to the alleged offense the defendant's automobile was not on a "way" within the meaning of that word as it is used in G. L. c. 90, § 24(1) (a) (1), and (2) that whatever the defendant did with reference to his automobile while he was under the influence of intoxicating liquor did not constitute the operation of a motor vehicle within the meaning of the statute in question. The trial addressed these two issues.

When the Commonwealth rested, the defendant filed a motion for a required finding of not guilty. Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979). The only question raised by that motion was the sufficiency of the evidence introduced up to that point in the trial to warrant the submission of the case to the jury on the question of the defendant's guilt. *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 (1976). The rules and standards by which the sufficiency of the evidence for such a purpose is determined have been so often and so recently stated in judicial opinions in this Commonwealth that it is not necessary to repeat or quote from them at length here. See, e.g., *Commonwealth* v. *Baron,* 356 Mass. 362, 365 (1969); *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975); *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979), which is based on *Jackson* v. *Virginia,* 443 U.S. 307, 318-319 (1979), and *Commonwealth* v. *Hilton,* 398 Mass. 63, 64-65 (1986).

After hearing arguments by counsel for both parties, the judge denied the defendant's motion for a required finding of not guilty. Counsel made no objection thereto. Mass.R.Crim.P. 22, 378 Mass. 892 (1979). Since no question has been raised on this point, further comment thereon is not required.

After the denial of the motion for a required finding of not guilty, the defendant presented his testimony and that of several witnesses and then rested. There was no rebuttal evidence. The defendant did not renew his motion for a required finding of not guilty, and counsel proceeded with their final arguments. The judge then instructed the jury, and there were no questions raised or saved by counsel. The jury returned a verdict of guilty, after which the defendant filed and perfected the present appeal. Since the only legal issue raised by and argued in this appeal is the sufficiency of the Commonwealth's evidence to warrant the submission of the case to the jury, in deciding this issue we shall consider only the Commonwealth's evidence, and not the evidence presented by the defendant after the Commonwealth rested.

.

The defendant contends that the evidence to that point in the trial was deficient with respect to two elements of the crime charged against the defendant, those elements being (1) whether the place where the defendant allegedly operated a motor vehicle was a "way" within the meaning of that word as used in G. L. c. 90, § 24(1) (*a*) (1), as appearing in St. 1982, c. 373, § 2, and (2) if the answer to the first question is in the affirmative, whether the acts and conduct of the defendant constituted the operation of a motor vehicle at the time when, and at the place where, it is conceded by the defendant that he was under the influence of intoxicating liquor. We shall consider those two questions separately, emphasizing that for the purposes of this decision we make no attempt to summarize the evidence on both sides of the questions. Rather, we inquire only into "whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient, as to each [of the two factual questions], to permit the jury to infer the existence" of the facts which the Commonwealth is required to prove on these two elements of the offense charged against the defendant. *Commonwealth* v. *Sandler,* 368 Mass. at 740. *Commonwealth* v. *Seay,* 376 Mass. 735, 737 (1978).

1. The operation of "a motor vehicle while under the influence of intoxicating liquor" is not punishable as a crime unless it occurs "upon any way or in any place to which the public has a right of access . . . ." G. L. c. 90, § 24(1) (*a*) (1). The Commonwealth's evidence showed that the crime charged against the defendant occurred on East Mountain Road in Westfield. East Mountain Road is maintained by the city as a public way, and the traveled portion is paved with asphalt or concrete. It has traffic lanes marked on its surface. There are street lights overhead, and there are hydrants along the shoulders of the road as a part of the public water system. When the police first saw the defendant's automobile with its engine running, its headlights on, and the defendant sleeping in the front seat, the two left wheels of the automobile were on the road's paved travel lane by one foot; the right wheels were on the shoulder of the road. The shoulder consisted of a strip of gravel, beyond which there was an area of pebbles, grass, and bushes or hedges. After police removed the defendant from the front seat of his automobile and placed him in one of their cruisers, they moved the defendant's automobile to a position entirely off the traveled road. The defendant was then taken to the police station. That evidence was sufficient to permit the jury to find that when the police first arrived the defendant's automobile was on a public way, *Commonwealth* v. *Mara,* 257 Mass. 198, 208-209 (1926), and therefore a "way" within the meaning of that word as used in G. L. c. 90, § 24(1) (*a*) (1). *Commonwealth* v. *Charland,* 338 Mass. 742, 744 (1959). *Commonwealth* v. *Hazelton,* 11 Mass. App. Ct. 899, 900 (1980).

2. The next question is whether the Commonwealth's evidence of what the defendant did with reference to his automobile on East Mountain Road in Westfield in the early morning hours of August 17, 1985, was sufficient

to permit the jury to find that he operated his automobile; the fact that he was then under the influence of intoxicating liquor was conceded. The evidence as to the defendant's alleged operation of the motor vehicle is that he was asleep in the front seat of his automobile, with his feet near the driver's side and his head at the passenger's side, that the engine of the car was running, and that the headlights of the car were on. The police shook him for about thirty seconds before he awoke momentarily and then went back to sleep. The defendant contends that since there was no evidence that anyone saw the defendant actually drive or move his car, he was entitled to a ruling in his favor on his motion for a required finding of not guilty. We reject that contention.

As was stated in *Commonwealth* v. *Wood,* 261 Mass. 458, 459 (1927), the question whether a person has operated a motor vehicle while under the influence of intoxicating liquor can, in certain situations, present "a typical case for the application of the rule of circumstantial evidence." The circumstantial evidence was sufficient here to permit the jury to infer that the defendant had operated the automobile while he was intoxicated. "The manner in which the car was parked, half on the street and half on [the shoulder of the road], was evidence that it may have been driven by [the defendant while] under the influence of alcohol." *Commonwealth* v. *Hilton,* 398 Mass. 63, 68 (1986). From the fact that the defendant was found alone in the front seat of the automobile with his feet near the driver's side and his head toward the passenger's side, "[t]he jury could infer that [the defendant] lay down in that position directly from [his] position sitting in the driver's seat." *Id.* at 67. Perhaps even more significantly, the engine was running and the headlights were on. In *Commonwealth* v. *Uski,* 263 Mass. 22, 24 (1928), the court held: "A person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle. The words of the statute 'Whoever upon any way operates a motor vehicle' include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery." In sum, "[t]he manner in which the automobile was parked . . . ., lights on and motor running, together with the defendant's intoxication at the time of his arrest," was sufficient to support a finding that the defendant had driven it while intoxicated. *Commonwealth* v. *Otmishi,* 398 Mass. 69, 71 (1986). It was open to the jury, on this evidence, to infer that the defendant drove his car to the point where he passed out.

We conclude that the evidence presented by the Commonwealth and the admissions or concessions made by the defendant during the trial of this case were sufficient for the submission of the case to the jury for decision whether the defendant, at or about 3:00 A.M. to 3:40 A.M. on August 17, 1985, while under the influence of intoxicating liquor, operated a motor vehicle on East Mountain Road in Westfield.

The defendant has not argued any questions with respect to two other convictions stemming from the arrest although his notice of appeal purports to appeal these convictions. We do not consider them.

*Judgments affirmed.*

*William A. Murray, III (Daniel R. Gintowt* with him) for the defendant.
*Ariane D. Vuono,* Assistant District Attorney, for the Commonwealth.