COMMONWEALTH vs. MICHAEL SUDDERTH.

No. 93-P-1320.

Suffolk. April 12, 1994. - September 23, 1994.

Present: JACOBS, GILLERMAN, & GREENBERG, JJ.

*Motor Vehicle*, Operating under the influence. *Practice, Criminal*, Required finding. *Intoxication*.

An intoxicated person, asleep in a reclined position in the driver's seat of a stationary car legally parked on a public way with a key in the ignition and the engine running, operated the vehicle within the meaning of G. L. c. 90, § 24. [319-321]

Evidence at the trial of a complaint for operating a motor vehicle under the influence of intoxicating liquor amply supported a determination that the defendant was impaired at the time he operated a motor vehicle. [321]

COMPLAINT received and sworn to in the Brighton Division of the District Court Department on March 22, 1993.

On appeal to the jury session of the Boston Municipal Court Department, the case was heard by *Theodore S. Bakas*, J.

*Richard N. Foley* for the defendant.

*Scott H. Kremer*, Assistant District Attorney, for the Commonwealth.

JACOBS, J. The defendant appeals from his conviction, after a jury-waived trial, for operating a motor vehicle under the influence of intoxicating liquor, second offense (G. L. c. 90, § 24),[1] contending that the evidence was insufficient both with respect to whether he operated a vehicle and whether he was under the influence of alcohol at the time in issue. The

---

[1]General Laws c. 90, § 24(1)(a)(1) (1992 ed.), provides in pertinent part: "Whoever, upon any [public way] . . . operates a motor vehicle while under the influence of intoxicating liquor . . . shall be punished. . . ." There is also provision for increased punishment for repeat offenders.

defendant filed a motion for a required finding of not guilty at the close of the Commonwealth's case pursuant to Mass.R.Crim.P. 25, 378 Mass. 896 (1979). Since he did not renew that motion after he presented his defense, we limit our sufficiency analysis to the state of the evidence at the close of the Commonwealth's case. See *Commonwealth* v. *Colby*, 23 Mass. App. Ct. 1008, 1009 (1987); Reporters' Notes to Mass.R.Crim.P. 25(a), Mass. Ann. Laws, Rules of Crim.P. at 435 (Law. Co-op. 1979); Smith, Criminal Practice & Procedure § 1910 (2d ed. 1983). We affirm.

There is no factual dispute that about 3:30 A.M. on March 21, 1993, Boston police officers found the defendant asleep in a reclined position in the driver's seat of a stationary car legally parked on what the parties stipulated was a public way in the Brighton section of Boston. One of the officers heard loud music emanating from the car and observed that the engine was running, a key was in the ignition and another man was asleep in the front passenger seat. After unsuccessfully attempting to wake the occupants of the car by shouting at them and knocking on the windows, the officers opened the driver's door, shook the defendant and continued shouting at him. It was only after the passenger also shook the defendant that he awakened. An officer noted two empty beer cans on the street outside of the driver's door and several same brand beer cans on the dashboard, front passenger floor, and back seat of the vehicle. Some of the beer cans inside the car were empty. The officers detected a strong odor of alcohol from the defendant's breath and person. After the defendant refused several of their requests to step out of the car, one of the officers informed him that they would have to take him from the vehicle, to which he responded "go ahead, you fuck." The defendant was uncooperative and struggling all the while the officers removed him from the vehicle and handcuffed him. The officers determined that he was then under the influence of alcohol. He also was observed to be

unsteady on his feet during the booking process at the police station.[2]

The relevant elements of the crime encompassed by G. L. c. 90, § 24, are (1) operation of a motor vehicle, (2) while under the influence of intoxicating liquor. Our review is confined to "whether the Commonwealth produced enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime was present." *Commonwealth* v. *Hilton*, 398 Mass. 63, 64 (1986). Accordingly, we do not address the defendant's evidence of his leaving a noisy party to get some sleep in his car which was parked nearby.

1. *Operation.* Cases in which somewhat similar evidence has been held sufficient to permit an inference that the defendant, impaired by alcohol, drove his car to the place where the police found him "passed out" may be distinguishable on the basis that here there was no evidence of irregular parking or illuminated headlights. Compare *Commonwealth* v. *Hilton, supra* at 65; *Commonwealth* v. *Colby, supra* at 1008. Moreover, the evidence does not warrant a reasonable inference that the defendant became impaired before, rather than after, he parked the vehicle. See *Commonwealth* v. *Cavallaro*, 25 Mass. App. Ct. 605, 607 (1988). However, the Commonwealth need not rely on proof of operation prior to the time the vehicle was parked.

"A person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle. The words of the statute 'Whoever upon any way operates a motor vehicle' include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor ma-

---

[2]The police also testified to finding marihuana on the defendant's person and a device for smoking marihuana in the car. A complaint for possession of marihuana (G. L. c. 94C, § 34) was continued without a finding and is not in issue here.

chinery." *Commonwealth* v. *Uski*, 263 Mass. 22, 24 (1928). "Stated somewhat differently, a person, such as the defendant here, operates a motor vehicle by starting its engine or by making use of the power provided by its engine." *Commonwealth* v. *Ginnetti*, 400 Mass. 181, 184 (1987). It has long been recognized that "a vehicle may be operated when standing still." *Commonwealth* v. *Clarke*, 254 Mass. 566, 568 (1926).

While the circumstances in which the defendant was found would not necessarily mandate a guilty verdict, see *Commonwealth* v. *Plowman*, 28 Mass. App. Ct. 230, 234 (1990), when viewed in a light that most favors the Commonwealth and takes into account the purpose of G. L. c. 90, § 24, they readily may accommodate a reasonable inference of guilt and therefore withstand a motion for a required finding of not guilty. An inference that the defendant intentionally started the engine reasonably may be drawn from his being seated in the driver's seat with the engine running and a key in the ignition. It is also reasonably inferable that he fell asleep while the engine was running and when he was under the influence of alcohol. The defendant's intention after occupying the driver's seat is not an element of the statutory crime.[3] *Commonwealth* v. *Uski, supra* at 24-25. See Annot., What Constitutes Driving, Operating, or Being in Control of Motor Vehicle for Purposes of Driving While Intoxicated Statute or Ordinance, 93 A.L.R.3d 7, § 4(b)(1979 & Supp. 1994). Given the well-established relationship between intoxicating liquor and motor vehicle injuries and fatalities, see *Commonwealth* v. *Brooks*, 366 Mass. 423, 425-426 (1974); Nolan & Henry, Criminal Law § 551 (2d ed. 1988), it does no violence to G. L. c. 90, § 24, to conclude that the real purpose

---

[3] We do not here address evidentiary issues. It is noteworthy, however, that in *Commonwealth* v. *Uski, supra*, the Supreme Judicial Court stated at 24-25, that "[t]he question for the [factfinder] was what did the defendant do as shown by the evidence, and not what he secretly intended to do with the automobile." This court has construed that statement as "directed at the defendant's intentions *after* he entered the automobile" and not to "his reasons for sitting in the driver's seat upon entering the automobile." *Commonwealth* v. *Plowman, supra* at 234-235.

of such statutes is "to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers." *State* v. *Ghylin*, 250 N.W.2d 252, 255 (N.D. 1977), quoted with approval in *Commonwealth* v. *Otmishi*, 398 Mass. 69, 72 (1986). The thrust of the *Uski* decision is that the public hazard contemplated by G. L. c. 90, § 24, extends beyond intoxicated drivers of moving vehicles and includes those persons who, impaired by alcohol, get behind the wheel of a vehicle and start its engine.[4]

2. *Impairment.* To establish that he was under the influence, "[t]he Commonwealth need not prove that the defendant *actually drove* in an unsafe or erratic manner, but it must prove a diminished *capacity* to operate safely." *Commonwealth* v. *Connolly*, 394 Mass. 169, 173 (1985) (emphasis original). Proof of drunkenness is not required. *Commonwealth* v. *Stathopoulos*, 401 Mass. 453, 458 (1988). That a defendant was belligerent, unsteady on his feet and smelled of alcohol are factors that may support an inference of diminished capacity to operate safely due to intoxication. See *Commonwealth* v. *Bryer*, 398 Mass. 9, 10-11, 17 (1986). The opinion testimony of police who observed the defendant may also be taken into account. See *Commonwealth* v. *Atencio*, 12 Mass. App. Ct. 747, 750-751 (1981). Evidence of use of obscenities is "probative on the issue of whether the defendant was intoxicated." *Commonwealth* v. *Derouin*, 31 Mass. App. Ct. 968, 970 (1992). We conclude, therefore, that there was ample evidence to support a determination that the defendant was under the influence of alcohol at the time he "operated" the motor vehicle. See *Commonwealth* v. *Hilton*, 398 Mass. at 68.

*Judgment affirmed.*

---

[4]Cases finding or rejecting criminal operation in circumstances similar to this case are collected in Annot., 93 A.L.R.3d 7, *supra* § 9. Among cases that have cited the *Commonwealth* v. *Uski* decision as standing for the proposition that the starting of the engine of a vehicle constitutes operation are *Stroo* v. *Farmer*, 200 F. Supp. 344, 347 (S.D. Miss. 1961), and *State* v. *Swift*, 125 Conn. 399, 403 (1939).