A jury convicted the defendant of operating a motor vehicle while under the influence of alcohol.[2] During their deliberations the jury submitted a note to the trial judge asking whether a testifying witness, the defendant's brother, could be "charge[d] ... if he was the one driving." The judge conferred with the attorneys and, with their agreement, instructed the jury that the issue raised was beyond the scope of their consideration.[3] The defendant appeals, now claiming error in the judge's instruction.
The charges arose out of a motor vehicle accident that occurred on a residential street in Springfield. A nearby resident heard what sounded like "a bomb" and saw that a vehicle had crashed into another vehicle parked on the street. She went outside and observed the defendant in the driver's seat of her vehicle attempting to reverse, but the vehicles were stuck together. A second resident approached the defendant to ask if she was okay and saw a wine goblet inside the vehicle containing a creamy type of liquid that smelled like alcohol. At the scene and later at the police station, officers noticed several signs that the defendant was under the influence of alcohol.
The defense theory was that the defendant's brother was the one driving at the time of the accident. Both the defendant and the brother testified that he drove because the defendant had been drinking that night. According to the brother, he crashed into the parked vehicle after swerving to avoid hitting an animal; he then left the scene on foot to get help and returned around an hour later, but no one was there. The defendant testified that, after her brother left, she "got immediately on the driver's side" and tried "to back up the car to park it to the side," but "[i]t wouldn't move."
On appeal the defendant argues that the question posed by the jury -- whether the brother could be charged if he was the one driving -- went to the heart of his credibility and the judge's response misleadingly suggested that his credibility was not an issue in the case. We disagree. The judge gave instructions on witness credibility in accordance with the model jury instructions, telling the jury that they were "the sole and exclusive judges of the credibility of the witnesses," that it was their "function to resolve ... conflicts [in the testimony]," and that they "should give the testimony of each witness whatever degree of belief and importance that [they] judge it is fairly entitled to receive." In light of these instructions, a reasonable jury would not have understood the judge's response to be withdrawing the issue of the brother's credibility from their consideration. See Commonwealth v. Sellon, 380 Mass. 220, 233-234 (1980) ("judge's additional instructions ... must be read in light of the entire charge," and "judge in giving further instructions is not required to repeat all aspects of his prior charge").
The defendant further suggests that the judge should have answered "yes" to the question, but she does not point to any evidence that would warrant such a response. "A judge is not required to charge as to 'factual situations which are speculative or conjectural and which are unsupported by evidence.' " Commonwealth v. Ragland, 72 Mass. App. Ct. 815, 838 (2008), quoting Commonwealth v. Remedor, 52 Mass. App. Ct. 694, 705 (2001). Because there was no evidence that "charges were pending against [the brother], nor was there any suggestion by any party that such charges were ... being contemplated," the judge did not abuse his discretion by instructing the jury that the issue was beyond the scope of their consideration and that they should instead reach a verdict based on the evidence presented at trial. Id.
In addition, even were we to assume error, it did not result in a substantial risk of a miscarriage of justice. As noted, the defendant testified that, once her brother left the scene, she got in the driver's seat, put the vehicle in reverse, and tried unsuccessfully to back it up. Thus, even had the jury believed the brother's testimony that he was initially the one driving, the defendant's own testimony was still sufficient to show that she operated the vehicle. See Commonwealth v. Uski, 263 Mass. 22, 24 (1928) ("A person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, [s]he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle"); Commonwealth v. McGillivary, 78 Mass. App. Ct. 644, 647 (2011) (defendant's act of turning ignition key sufficient to allow jury to find operation). In these circumstances we are persuaded that the purported error did not " 'materially influence[ ]' the guilty verdict." Commonwealth v. Alphas, 430 Mass. 8, 13 (1999), quoting Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).
Judgments affirmed.

The jury also convicted the defendant of resisting arrest, but she makes no argument on appeal regarding that conviction.

The judge's full response was as follows: "This is beyond what you are to consider. This is not to be considered by you in any way, shape, or form, with respect to your deliberations today. You have been presented with all the evidence you need to determine whether or not the government has met its burden with respect to the allegations. This is beyond your consideration and not to be discussed."