The defendant was convicted by a District Court jury of operating a motor vehicle under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (a ) (1). On appeal he claims that he was prejudiced by the judge's erroneous jury instructions. We affirm.
The defendant claims that the judge failed to follow the Model Jury Instructions for Use in the District Court (Model Instructions) in her final charge and that her instructions confused the jury, impermissibly lowered the Commonwealth's burden of proof, and deprived him of due process of law.[2] At trial, the defendant specifically objected to the judge's instructions regarding inferences and credibility. We therefore review those portions of the instruction to determine whether, considered as a whole, they might have misled a reasonable juror. See Commonwealth v. Wilson, 427 Mass. 336, 354 (1998). With respect to the defendant's remaining claims, "the question is whether the jury instructions created a substantial risk of a miscarriage of justice." Commonwealth v. Newell, 55 Mass. App. Ct. 119, 131 (2002).
"Under Massachusetts law, appellate courts 'evaluate the charge as a whole, looking for what meaning a reasonable juror could put to the words of the trial judge.' " Newell, 55 Mass. App. Ct. at 131, quoting Commonwealth v. Waite, 422 Mass. 792, 804 (1996). Mindful of this standard, we see no abuse of discretion in the judge's framing of the instructions. See ids="890247" index="4" url="https://cite.case.law/mass/422/792/#p804">id. ("Trial judges are accorded considerable discretion in framing jury instructions, both in determining the precise phraseology used and the appropriate degree of elaboration"). Here, the judge's instructions conveyed the proper legal standards and did not deviate from the Model Instructions in a meaningful way. Accordingly, they are deemed correct. Green, petitioner, 475 Mass. 624, 629 (2016).
Moreover, even were we to assume error in the instructions, the defendant has not shown that the error was prejudicial, because the Commonwealth's evidence was strong. See Commonwealth v. Asher, 471 Mass. 580, 590 (2015) ; Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). The jury apparently credited the arresting officer's testimony that (1) the vehicle was running and its headlights were on, see Commonwealth v. Ginnetti, 400 Mass. 181, 184 (1987) (person "operates a motor vehicle by starting its engine or by making use of the power provided by its engine"); (2) the vehicle was parked on a public street, see Commonwealth v. Colby, 23 Mass. App. Ct. 1008, 1010 -1011 (1987); and (3) the defendant, who was seated in the driver's seat and was the vehicle's sole occupant, "showed the signs -- glassy eyes, slurred speech, unsteadiness, alcohol smell, etc. -- of being very drunk." Commonwealth v. Haley, 23 Mass. App. Ct. 10, 12 (1986). For these reasons, we see no reason to disturb the jury's verdict.
Judgment affirmed.

Specifically, the defendant claims error in the judge's instructions regarding her role, the role of the jury, the weight of the evidence, direct evidence, circumstantial evidence, inferences, and credibility of witnesses.