NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-103

COMMONWEALTH

vs.

ALBERTO VEGA, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In August 2023, after a jury trial in the District Court, the defendant was convicted of operating a motor vehicle under the influence of intoxicating liquor (OUI).  On appeal, the defendant challenges the sufficiency of the evidence.  We affirm.

Discussion.  1.  Standard of review.  In analyzing whether the evidence on the record is sufficient to support a conviction, we "do not weigh the supporting evidence against conflicting evidence."  Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 351 (2015), quoting Commonwealth v. Merry, 453 Mass. 653, 660 (2009).  Rather, we assess the evidence in the light most favorable to the Commonwealth "notwithstanding the contrary

evidence presented by the defendant" and ask whether it is "sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged" (citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

2. Sufficiency of the evidence. In order to be convicted of OUI, the Commonwealth must establish that the defendant (1) operated a motor vehicle (2) on a public way, (3) while under the influence of intoxicating liquor. See G. L. c. 90, § 24 (1) (a) (1). On appeal, the defendant challenges the sufficiency of the evidence on the third element, arguing that the evidence was insufficient to prove that he was under the influence of alcohol. With respect to this element, the Commonwealth must prove beyond a reasonable doubt that the "defendant's consumption of alcohol diminished [his] ability to operate a motor vehicle safely." Rarick, 87 Mass. App. Ct. at 352, quoting Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). The Commonwealth "need not prove that the defendant actually drove in an unsafe or erratic manner, but it must prove a diminished capacity to operate safely." Rarick, supra, quoting Connolly, supra. "Proof of drunkenness is not required." Rarick, supra, quoting Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994).

2

In the light most favorable to the Commonwealth, the evidence was more than sufficient for a rational fact finder to infer that the defendant was under the influence of alcohol and that his intoxication diminished his ability to safely operate a vehicle. This included the testimony from a civilian witness who called 911 to report that the defendant was driving on the highway at a high rate of speed, swerving in and out of traffic, mostly in the breakdown lane, and passing other cars on the right. In addition, the arresting and booking officers observed that the defendant's eyes were glassy and bloodshot, he had a strong odor of alcohol emanating from his breath, and his emotions were irregular -- he was sometimes calm and cooperative and other times crying and upset. The defendant also faltered in the performance of several roadside assessments, as he was unsteady on his feet and had to use his arms to catch his balance; he had a half-empty nip bottle of alcohol in his pants pocket; he admitted that he "got a little tipsy"; and when asked at booking if he had been drinking, the defendant admitted that he had had "a few," which the defendant said was "three or more" and that they were "100 proof." Finally, the defendant told the officers that he knew he had a drinking problem and needed help to quit drinking and that he had considered entering into a "detox" program but had decided against it.

3

Despite this evidence, the defendant nevertheless maintains that it was insufficient to show that his consumption of alcohol impaired his ability to drive.  Here, he argues that the evidence establishes that he was, at best, a "hurried driver" who was not criminally charged with negligent operation of a motor vehicle, and whom the arresting officer admitted he did not observe driving with diminished capacity.  These arguments are unavailing.  First, as noted above, in the light most favorable to the Commonwealth, there was sufficient evidence to sustain the conviction of OUI.  Second, in establishing that a defendant was operating a vehicle under the influence, the Commonwealth is not required to "prove [that] the defendant actually drove unskillfully or carelessly" (citation omitted). Rarick, 87 Mass. App. Ct. at 354.

Judgment affirmed.

By the Court (Ditkoff, Hand & Walsh, JJ.[1]),

Clerk

Entered:  March 11, 2025.

---

[1] The panelists are listed in order of seniority.