NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1367

COMMMONWEALTH

<u>vs</u>.

DONALD J. CONNOLLY.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

The defendant was convicted by a jury of operating under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (<u>a</u>) (1).  He maintains that the evidence was insufficient to establish that he was "operating" his vehicle because there was no testimony either that he was in the front seat or that he had turned on the car.  We affirm.

We review this claim, considering the evidence introduced at trial in the light most favorable to the Commonwealth, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, see <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 677-678 (1979), bearing in mind that guilt may be established by circumstantial

evidence "and that the inferences a jury may draw from the evidence 'need only be reasonable and possible and need not be necessary or inescapable.'" Commonwealth v. Linton, 456 Mass. 534, 544 (2010), quoting Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007).  The defendant challenges only the "operation" element of the offense.

The applicable legal framework for "operation" was established almost a century ago.

> "A person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle.  The words of the statute 'whoever upon any way operates a motor vehicle' include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery."

Commonwealth v. Uski, 263 Mass. 22, 24 (1928).  "[A]n intoxicated person need not have moved the vehicle to violate the statute; instead, we have explained that 'a vehicle may be operated when standing still.'"  Commonwealth v. Wurtzberger, 496 Mass. 203, 206 (2025), quoting Commonwealth v. Clarke, 254 Mass. 566, 568 (1926).  "[E]vidence of operation is sufficient once an individual in the driver's seat of a vehicle intentionally performs 'any act,' such as turning the ignition key, that 'alone or in sequence will set in motion the motive power of th[e] vehicle'"; this is so "regardless of whether an individual intends simply to sit in the driver's seat and use a

2

vehicle as a stationary platform."  Wurtzberger, supra at 208, quoting Uski, supra at 24.

Here, "the jury could reasonably infer that the defendant intentionally turned the key [or otherwise started the vehicle] -- a mechanical step that 'alone or in sequence will set in motion the motive power of th[e] vehicle.'"  Wurtzberger, 496 Mass. at 209, quoting Uski, 263 Mass. at 24.  The car was running and there was evidence from which the jury could reasonably infer that the defendant started it from the driver's seat or occupied the driver's seat while it was running, including that:  (1) after the other driver knocked twice on the defendant's car window asking, "Hey, can you move?," because the defendant's car was blocking his exit, only one person -- the defendant -- emerged from the car; (2) the other driver identified the defendant as the man who was driving the defendant's car; (3) the defendant, who was arrested in Andover, responded to the arresting officer's question about where he had been drinking by saying he "was in Lawrence"; (4) the defendant's car was towed after the police arrived, from which the jury could reasonably infer that there was no one else in the car; (5) neither of the percipient witnesses testified that anyone but the defendant emerged from, or was in, the defendant's car; and (6) the front passenger seat of the car was empty.

3

The Commonwealth's proof did not "deteriorate[] after it closed its case." Commonwealth v. Alden, 93 Mass. App. Ct. 438, 445 (2018), quoting Commonwealth v. Sheline, 391 Mass. 279, 283 (1984). Rather, the defendant testified that he had been living in his car in the parking lot "for several days," sleeping in the back seat, and agreed that he had started the car with a key fob by pressing "a button for the engine to go on." To the extent the defendant's testimony conflicts with other evidence, it is a question of credibility "wholly within [the jury's] province." Lao, 443 Mass. at 779.

Judgment affirmed.

By the Court (Blake, C.J., Henry & Hershfang, JJ.[1]),

Clerk

Entered: December 1, 2025.

---

[1] The panelists are listed in order of seniority.