## COMMONWEALTH *vs.* EBRAHIM OTMISHI.

Plymouth.  May 6, 1986. — July 15, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Motor Vehicle,* Operating under the influence.

At the trial of a complaint for operating a motor vehicle while under the influence of intoxicating liquor, a finding that the defendant was guilty as charged was warranted by evidence that about six o'clock in the morning a police officer came upon an automobile parked at an angle in the street, several feet from the curb, with its lights on and the motor running; that the defendant, who was alone in the automobile, was sitting in the driver's seat with his eyes closed; that the defendant, when roused, admitted that he had come from a bar some distance away; that the defendant appeared intoxicated; and that a breathalyzer test administered to the defendant after his arrest showed a blood-alcohol concentration of 0.13%. [70-71]

On appeal from a conviction of operating a motor vehicle while under the influence of intoxicating liquor, there was no merit to the defendant's contention that public policy considerations direct that an intoxicated motorist not be punished for choosing to stop his automobile and sleep, rather than attempting to proceed. [71-72]

COMPLAINT received and sworn to in the Hingham Division of the District Court Department on November 25, 1983.

The case was heard in the jury session of that court by *Dennis L. Collari, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John E. Conwell (Barbara Bogosian* with him) for the defendant.

*Ann E. Rascati,* Assistant District Attorney *(Pamela Droukas,* Assistant District Attorney, with her) for the Commonwealth.

LIACOS, J. Ebrahim Otmishi was convicted by a judge of the Hingham District Court of operating a motor vehicle while

under the influence of intoxicating liquor. G. L. c. 90, § 24 (1) (*a*) (1) (1984 ed.). His conviction arose from the following incident. About 6:05 A.M. Thanksgiving Day, 1983, a Scituate police officer came upon an automobile parked at an angle with its motor running and headlights on, approximately six feet away from the curb on Grasshopper Lane. The officer saw Otmishi sitting in the driver's seat with his eyes closed. For two to three minutes, the police officer pounded on the window and yelled to get Otmishi's attention. When Otmishi rolled down the window, the officer asked him what he was doing parked in the middle of the road. Otmishi answered that he was resting and that he believed he was in a driveway. The officer asked him where he had come from. Otmishi replied that he had come from the Gannet Bar and that he had been visiting someone in Scituate. The police officer noticed a strong odor of alcohol on Otmishi's breath, and noticed that his eyes were glassy and bloodshot and his speech was slurred. He arrested Otmishi and took him to the police station. There Otmishi was given a breathalyzer test which showed a blood-alcohol concentration of 0.13%.

Otmishi has appealed from the denial of his motion for a required finding of not guilty made at the close of the Commonwealth's case. In his appeal, Otmishi raises three arguments: (1) sleeping in the driver's seat of an automobile cannot be considered "operation" of a motor vehicle; (2) expanding the meaning of the term "operation" in the statute to include sleeping in the driver's seat would deprive the defendant of his constitutional right to adequate notice of what conduct is illegal; and (3) public policy considerations dictate that an intoxicated motorist not be punished for choosing to stop his automobile and sleep, rather than attempting to proceed.

We need not address either of Otmishi's arguments as to the proper construction of the term "operation,"[1] for we believe the circumstantial evidence to have been sufficient to permit the judge to infer that Otmishi in fact drove the automobile to

---

[1] See *Commonwealth* v. *Uski,* 263 Mass. 22, 24 (1928); *Commonwealth* v. *Clarke,* 254 Mass. 566, 568 (1926).

its location on Grasshopper Lane while intoxicated. In a case decided this day, we upheld a similar conviction where the evidence warranted findings that an automobile, later found parked awry, was driven by the defendant while intoxicated and where the evidence warranted a finding that the operator had not become intoxicated after parking the vehicle. *Commonwealth* v. *Hilton, ante* 63 (1986). The Commonwealth's case against Otmishi is even stronger. Otmishi said that he had come from a bar some distance away. He was alone in the automobile. It was reasonable to infer that he admitted having driven the automobile. The manner in which the automobile was parked, askew in the street, several feet from the curb, lights on and motor running, together with the defendant's intoxication at the time of arrest, supports the finding that he was intoxicated when he drove the automobile to Grasshopper Lane. Consequently, the denial of the motion for a required finding of not guilty was not error. See *Commonwealth* v. *Hilton, supra.*

Otmishi's third argument, relying on the rationale that public policy is served by exempting from punishment those intoxicated drivers who choose to stop their automobiles, ignores its own underlying premise. In order to stop the automobile, the driver first must have had to drive while under the influence of intoxicating liquor, in violation of the statute. Furthermore, even were it our duty to make such legislative policy decisions, we would not choose to encourage drivers who suspect their own sobriety to test their suspicions on the highways of the Commonwealth.

This same argument was answered well by the Supreme Court of North Dakota.

> "[The defendant] argues that to sustain convictions of [operating] a vehicle while intoxicated in cases where the defendant has voluntarily stopped his vehicle off the road after realizing his inability to drive safely is to discourage such behavior in the future. He argues that convictions under these circumstances will encourage drivers aware of their impaired driving capability to continue driving rather than risk conviction . . . should they pull off the highway to await other transportation.

"While we believe such behavior should be encouraged, the real purpose of the statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers. . . . One who has been drinking intoxicating liquor should not be encouraged to test his driving ability on the highway, even for a short distance, where his life and the lives of others hang in the balance." *State* v. *Ghylin,* 250 N.W.2d 252, 255 (N.D. 1977).

*Summary.* The Commonwealth introduced sufficient evidence to permit a trier of fact to reach the conclusion that Otmishi drove while under the influence of intoxicating liquor. Thus, we do not reach his arguments on the interpretation of the statute. Otmishi's argument based on public policy is unconvincing.

*Judgment affirmed.*