COMMONWEALTH vs. DIANE E. RANAHAN.

Middlesex.   October 6, 1986. — December 2, 1986.

Present: GREANEY, C.J., BROWN, & FINE, JJ.

*Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Instructions to jury. *Evidence,* Expert opinion.

Where, at the trial of a complaint charging the defendant with operating a
   motor vehicle on a public way while under the influence of intoxicating
   liquor, the testimony of two police officers, together with the defendant's
   own statements and admissions and the results of her breathalyzer test,
   provided substantial evidence of her intoxication, and where it was
   undisputed that her ability to drive had been impaired, no substantial
   risk of a miscarriage of justice was created by the judge's unobjected-to
   instruction to the jury in language later disapproved by the Supreme
   Judicial Court in *Commonwealth* v. *Connolly,* 394 Mass. 169, 170-171
   (1985), and his failure to instruct, *id.* at 173, that the Commonwealth
   must prove "that the defendant's consumption of alcohol diminished the
   defendant's *ability* to operate a motor vehicle safely" (emphasis in original). [203]
At the trial of a complaint charging the defendant with driving while under
   the influence of intoxicating liquor, the judge did not err in excluding
   the proffered testimony of the defendant's expert witness, a chemist,
   where the judge could properly have concluded that such testimony
   would not have been reliable or relevant. [204]

COMPLAINT received and sworn to in the Framingham Division of the District Court Department on July 23, 1984.

In the jury session of that division the case was tried before *Anthony N. Compagnone, J.*

*John H. LaChance* (*Stephen E. Dawley* with him) for the defendant.

*David P. Linsky,* Assistant District Attorney, for the Commonwealth.

BROWN, J.  The defendant claims that the judge's instruction to the jury on the definition of operating a motor vehicle while under the influence of intoxicating liquor was error. The judge's

instruction used substantially the same language as that employed by another trial judge and held to be error in *Commonwealth* v. *Connolly,* 394 Mass. 169, 170-171 (1985).

1. The instant trial was held before the Supreme Judicial Court rendered its decision in the *Connolly* case. As the defendant did not object below, the question for this court is whether there was a "substantial risk of a miscarriage of justice" arising from the faulty instruction. See *Commonwealth* v. *Bryer,* 398 Mass. 9, 16-17 (1986). We answer in the negative.

In *Commonwealth* v. *Bryer, supra,* the instruction on being under the influence of intoxicating liquor did not accord with the standards announced in *Commonwealth* v. *Connolly, supra* at 172-174. Reversal on that ground was held not to be warranted in the circumstances, which included the testimony and documentation of three police officers that the defendant was intoxicated and a verdict of guilty on the companion charge of operating a motor vehicle negligently, so as to endanger the lives and safety of the public. *Commonwealth* v. *Bryer, supra* at 10-11.

In the instant case, a police officer testified that, about 1:30 A.M., he observed the defendant's automobile weaving and jerking back and forth within its lane of a public way, once straddling the double yellow lines (see G. L. c. 89, § 4A, § 5), and then signaling a right turn, pulling off the road and coming to a stop partially on the shoulder of the road. When the defendant driver alighted from the automobile, she staggered. The officer smelled "a very strong odor of alcohol on her breath" and saw that her face was flushed. The defendant began to cry. At the police station, her speech was slurred and she was unsteady on her feet. A second police officer, who arrived at the scene a few minutes after the incident and drove the defendant to the police station, corroborated portions of the first officer's testimony. Both officers testified that they concluded that the defendant was under the influence of alcohol. A breathalyzer test administered at 2:10 A.M. yielded a result of ".10 plus."

The defendant testified that she had eaten ten or eleven hours before her arrest, and that she was in a lounge from about

9:00 P.M. until a little after its closing time of 1:00 A.M., during which time she consumed two and a half Kahlua sombreros. After leaving the lounge she drove a very short distance before deciding to stop. She stated that she intended to call a cab because she "didn't want to drive." After admitting that she "didn't feel well enough to drive," she went on to testify that she was sick to her stomach, nauseous, and "just didn't feel good." She claimed that she told the first police officer that she was not able to drive home because she did not feel well.[1]

The observations of the two police officers, if believed by the jury, together with the defendant's own statements and admissions and the results of her breathalyzer test "presented a strong case against . . . [her] on the sole issue of [her] sobriety." *Commonwealth* v. *Bryer,* 398 Mass. at 11. The jury reasonably could have inferred from the substantial evidence of intoxication and from the undisputed fact that her ability to drive was impaired, that the defendant's capacity to operate her automobile safely was diminished by the consumption of alcohol and that she had pulled off the road for that reason. See and compare *Commonwealth* v. *Hilton,* 398 Mass. 63, 68 (1986); *Commonwealth* v. *Otmishi,* 398 Mass. 69, 71 (1986). In these circumstances, no substantial risk of a miscarriage of justice was created by the judge's failure to charge on diminished ability to operate a motor vehicle safely, or by the prosecutor's anticipation of the judge's charge during closing argument.[2]

---

[1] The first officer testified, but did not include in a written report, that when he first approached her automobile the defendant told him she had "had too much to drink." The defendant denied having attributed her condition to the consumption of alcohol. The second officer testified that the defendant told him several times that she knew she should not have driven. The defendant in substance denied those statements as well.

[2] We recognize that in *Commonwealth* v. *Marley,* 396 Mass. 433 (1985), and in *Commonwealth* v. *Gammon,* 22 Mass. App. Ct. 1 (1986), decisions involving trials also held prior to the *Connolly* decision, failure of the trial judge to give the *Connolly* instruction resulted in reversal of convictions under G. L. c. 90, § 24(1)(a)(1). Such a result is not required in this case. Here there was no question and no dispute that the defendant consumed alcohol and that her capacity to drive was diminished. As the Commonwealth and the defendant advanced conflicting explanations for the defendant's

2. The judge did not abuse his discretion or commit other error of law in excluding, after a lengthy voir dire, the testimony of the defendant's expert witness, a chemist. See *Commonwealth* v. *Seit,* 373 Mass. 83, 91-92 (1977). See also *Campbell* v. *Thornton,* 368 Mass. 528, 541 (1975). The judge properly could conclude that the witness's proposed expert testimony would not have been reliable or relevant to the instant circumstances. Moreover, even if we view the record in the light most favorable to the defendant, we note that, apart from the witness's lack of qualifications in certain areas of asserted expertise, the proposed testimony of the expert regarding the potential unreliability of the breathalyzer was in some respects cumulative. Exclusion of the evidence, alone or in combination with the judge's charge, did not deprive the defendant of a fair trial.

*Judgment affirmed.*

---

diminished capacity, the case turned on the jury's determination of the intoxication issue. It is manifest from the verdict that the jury found credible the Commonwealth's evidence that the defendant was intoxicated. See *Commonwealth* v. *Bryer,* 398 Mass. at 17. The possibility that the jury could have gone on to conclude that the defendant's admitted inability to drive home was causally unrelated to her drinking was remote. Cf. *Commonwealth* v. *Haley, ante* 10, 14 (1986), and cases cited.