COMMONWEALTH *vs.* THOMAS DOUCETTE. July 7, 1987. *Practice, Criminal,* Voir dire, Judicial discretion. *Witness,* Competency.

The defendant, Thomas Doucette, appealed from his conviction by a jury on two counts of attempted extortion in violation of G. L. c. 265, § 25 (1984 ed.). The Appeals Court affirmed the judgment. *Commonwealth* v. *Doucette,* 22 Mass. App. Ct. 659 (1986). The defendant applied successfully for further appellate review in order to have this court consider whether the trial judge abused his discretion by refusing to allow defense counsel to question two prosecution witnesses at voir dire hearings regarding their competence to testify at trial. G. L. c. 233, § 20 (1986 ed.). The defendant argues that the judge's refusal constituted an abuse of discretion depriving him of his rights of confrontation and due process, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights.[1] We affirm.

The defendant noted in argument before us that the Appeals Court adopted a rule that "[i]t is within the discretion of the trial judge to conduct the voir dire alone, without the assistance of any questioning by counsel." *Commonwealth* v. *Doucette, supra* at 662. The Appeals Court also stated that "[o]nce a judge has permitted the prosecution to examine a prospective witness as to competence . . . it offends fairness to allow one side to draw out that which is favorable for its purposes, but to bar inquiry by the other side entirely." *Id.* at 664. The defendant agrees with this principle but challenges the Appeals Court's determination that this rule was not offended on the facts of this case. Additionally, the defendant disagrees with the Appeals Court's statement that the defense counsel failed to "suggest particular questions or subjects about which she wanted the judge to interrogate." *Id.* at 663.

We have reviewed carefully the record, including the trial transcript and exhibits. We agree with the Appeals Court's well-reasoned discussion of the principles governing this appeal. Furthermore, on this record, there is no showing that those principles were not applied correctly by the trial judge. We also agree with the disposition by the Appeals Court of the other issues raised below.

*Judgment affirmed.*

*Michael R. Schneider,* Committee for Public Counsel Services, for the defendant.

*Richard A. McGovern,* Assistant District Attorney, for the Commonwealth.

---

[1] The defendant complains in his application that the Appeals Court nowhere addressed his challenge under art. 12 of the Massachusetts Declaration of Rights. While his brief filed with the Appeals Court mentions art. 12, no argument is advanced on art. 12 grounds. "The appellate court need not pass upon questions or issues not argued in the brief." Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).