COMMONWEALTH vs. ROBERT L. MASSEY.

Plymouth. March 8, 1988. — June 6, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Rape. Practice, Criminal,* Voir dire, Instructions to jury. *Evidence,* Cross-examination. *Witness,* Child, Competency.

At the trial of an indictment for the rape of a child, who, at the time of trial, was just under ten years of age, the judge's refusal, during a voir dire to determine the competency of the alleged victim, to allow cross-examination by defense counsel, after he had permitted direct examination by the prosecutor and had asked the child several questions of his own, did not require reversal of the defendant's conviction in the absence of a showing of actual prejudice, where the prosecutor's questions were routine in nature, were not leading, and made virtually no reference to the facts of the case. [454-455]

At a rape trial, any error in the judge's permitting the prosecutor to cross-examine the defendant and his character witness on the issue of the defendant's use of alcohol resulted in no actual prejudice to the defendant. [455-456]

At a rape trial, the judge's instruction to the jury that voluntary intoxication is not a defense to the crime charged was mere surplusage and resulted in no prejudice to the defendant, where there was no evidence from which the jury could have concluded that the defendant was intoxicated at the time of the alleged crime. [456]

INDICTMENT found and returned in the Superior Court Department on July 16, 1985.

The case was tried before *Augustus F. Wagner, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Mary Ellen O'Sullivan,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant appeals from his conviction for rape of a child.[1] He contends that he was unfairly prejudiced by the trial judge's refusal to allow defense counsel to cross-examine the child-victim at voir dire, after having allowed the prosecutor direct examination, and by the judge's allowance of cross-examination of the defendant and of his character witness on the issue of the defendant's use of alcohol. We affirm.

The victim of the alleged crime was the defendant's son, who was about five years of age at the time of the alleged rape, and just under ten years of age at the time of trial. The judge ordered a voir dire of the child to determine his competency to testify. At the voir dire, the judge allowed the prosecutor to examine the child. The prosecutor asked the child thirty-two questions; the judge then asked the child five questions of his own. The judge denied defense counsel's request that he be allowed to cross-examine the child. The defendant contends that the judge's refusal to allow cross-examination of the child, after having allowed the prosecutor direct examination, violated his rights to due process and to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and art. 12 of the Declaration of Rights of the Massachusetts Constitution. We disagree.

In support of his contention, the defendant cites *Commonwealth* v. *Doucette*, 22 Mass. App. Ct. 659 (1986), *S.C.,* 400 Mass. 1005 (1987). In that case, the Appeals Court said, and we iterated, that "[o]nce a judge has permitted the prosecution to examine a prospective witness as to competence . . . it offends fairness to allow one side to draw out that which is favorable for its purposes, but to bar inquiry by the other side

---

[1] We have used the word "crime" or "rape" (in the singular), although the indictment is worded broadly and charges an unspecified number of crimes occurring between November 22, 1983, and December 30, 1983. There was no motion to narrow the allegations of the indictment as to the number or dates of alleged crimes. The Commonwealth produced evidence which warranted conclusions that several rapes had occurred during the period of time indicated in the indictment, and the jury returned a verdict of "guilty" on a verdict slip which did not specify the numbers or dates of offenses.

entirely." *Id.*, quoting the opinion of the Appeals Court, 22 Mass. App. Ct. at 664. But in focusing on that dictum, the defendant ignores the holding in *Doucette*, that despite the prosecutor's participation in the voir dire examination, in the circumstances of the case "the defendant was not treated unfairly when his counsel was refused permission to examine [the witness] at the voir dire." *Id.* at 665. Not every instance of voir dire participation by the prosecution gives rise to a concomitant right of cross-examination by defense counsel. In this case, the questions asked by the prosecutor went beyond the "introductory and mechanical" ones validated in *Doucette*, *id.*; still, it is difficult to see how the defendant was unfairly prejudiced. The prosecutor's questions were not leading, and made virtually no reference to the facts of the case. They were routine questions that almost certainly would have been asked by the judge, in substantially similar form, had he conducted the voir dire himself. To say that reversal is required simply because the prosecutor, instead of the judge, was the one who put the questions to the witness, "would elevate form over substance [in] invok[ing] the principle that, if the government is allowed to inquire, the defense may inquire." *Id.* at 665. Moreover, the record of the child's testimony supports the judge's conclusion as to his competency. Although the better practice, and the only course proof against reversal on *Doucette* grounds, is for the judge either to conduct the voir dire himself or to allow both parties to participate, we decline to establish a per se rule that the practice here challenged automatically requires reversal in the absence of a showing of actual prejudice. No such showing has been made.

The defendant further contends that the judge erred in allowing the prosecutor to cross-examine the defendant and his character witness on the issue of the defendant's use of alcohol. Assuming, arguendo, that this was error, we decline to reverse the defendant's conviction on this basis, as our review of the entire record leaves us with the firm conviction that such error did not result in actual prejudice to the defendant. See, e.g., *Commonwealth* v. *Newball*, 401 Mass. 136, 139-140 (1987). The allegedly prejudicial cross-examination consisted of the

prosecutor's inquiring of the defendant as to his use of alcohol at or about the time of the alleged crime, and of the defendant's character witness as to his knowledge of the defendant's drinking habits. Both the defendant and his character witness testified that the defendant had used alcohol during this period, but the most "damaging" admissions were the defendant's testimony that, during the relevant time period, he "would have a couple of beers or more three or four nights a week," and his character witness's testimony that he had seen the defendant "under the influence" of alcohol "a couple of times," and that on one occasion the defendant had drunk "to excess." We think that it is hardly likely that such testimony would so influence the average juror as to predispose him to vote to convict the defendant of an extremely serious criminal charge.

The defendant also points out that the judge in his charge to the jury instructed them that voluntary intoxication is not a defense to the crime charged. He argues that this instruction exacerbated the judge's error in allowing the prosecutor to pursue this prejudicial line of inquiry. We think that, in light of the failure of the prosecutor to elicit any damaging testimony on the issue of the defendant's use of alcohol, the judge's instruction, although unwarranted, did not result in any actual prejudice to the defendant. There was no evidence in the case from which the jury could have concluded that the defendant was intoxicated at the time of the alleged crime. Thus, the instruction as to voluntary intoxication was mere surplusage, and could not have affected the jury's verdict.

*Judgment affirmed.*