COMMONWEALTH *vs.* WILLIAM F. MCNELLEY. No. 89-P-1194. May 23, 1990. *Motor Vehicle,* Operating under the influence, Investigation of accident, Operation. *Evidence,* Admissions and confessions. *Constitutional Law,* Admissions and confessions. *Practice, Criminal,* Required finding, Instructions to jury.

On July 26, 1988, a complaint was issued in the District Court charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor. On October 7, 1988, the case was entered in the Lowell jury-of-six session. On December 21, 1988, the defendant moved to suppress his statements to the arresting officer. His motion was based on two grounds; namely, he was not given Miranda warnings and the statements were involuntary because he was intoxicated. The judge denied the motion after a hearing.

At the trial, the defendant conceded that he was intoxicated at the time of the offense. The parties agreed that the only contested issue of fact was whether the defendant had been operating the vehicle. At the close of the Commonwealth's evidence, the defendant moved for a required finding of not guilty, claiming the Commonwealth had not introduced any evidence of his operation of the motor vehicle, except his own uncorroborated statement of operation at the relevant time. He cited *Commonwealth v. Forde,* 392 Mass. 453 (1984), and *Commonwealth v. Leonard,* 401 Mass. 470 (1988), as support. The motion was denied. The defendant renewed his motion at the close of all the evidence and again it was denied. The defendant was convicted. On appeal, he claims that the judge erred in denying his suppression motion and his motion for a required finding of not guilty. He also contends that the judge committed error in his instructions to the jury.

The facts are not in dispute. On Sunday morning, July 23, 1988, at approximately 3:10 A.M., James Walsh, a Metropolitan District police officer, while patrolling in a cruiser, was dispatched to the scene of a motor vehicle accident on New South Street, Stoneham. Upon arrival, Officer Walsh observed a blue van with two flat tires on the driver's side. The van was parked on a six to eight inch curb. A Stoneham police cruiser was one to two car lengths behind the van, and two Stoneham police officers were sitting inside. The defendant was standing at the rear of the van. There were no other automobiles or persons in the area. The area was well lighted, the night was clear, and the paved road was dry and without defect.

After being informed by a Stoneham officer that the accident was in the Metropolitan District Commission's jurisdiction, Officer Walsh approached the defendant who was still standing outside the van. Officer Walsh asked the defendant if he had been operating the van. The defendant acknowl-

edged driving it, and, in response to the officer's further inquiry, stated that the accident occurred when he failed to negotiate the turn into New South Street. As a result, according to the defendant, he struck the curbing, causing the two blowouts. The defendant, answering additional questions, stated he had been drinking. The officer administered a field sobriety test and then placed the defendant under arrest.

1. *Denial of defendant's suppression motion.* The questions that Officer Walsh asked the defendant were incidental to general on-the-scene questioning. "There is no requirement that warnings be given prior to '[g]eneral on-the scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process.' " *Commonwealth* v. *Merritt*, 14 Mass. App. Ct. 601, 604 (1982), quoting from *Miranda* v. *Arizona*, 384 U.S. 436, 477 (1966). See, e.g., *Pennsylvania* v. *Bruder*, 488 U.S. 9 (1988). See also *Commonwealth* v. *Callahan*, 401 Mass. 627, 630 (1988)(police officer's question of "what happened" to defendant at murder scene was proper preliminary inquiry, not requiring Miranda warnings). That a response to an on-the-scene question constitutes an admission does not transform the character of the interview into a custodial interrogation. *Commonwealth* v. *Merritt*, *supra* at 605. "The fact that the officer would not let the defendant leave until he had talked to him did not make the interrogation custodial." *Commonwealth* v. *Podlaski*, 377 Mass. 339, 343 (1979).[1]

The objective factors surrounding the meeting of the defendant and Officer Walsh demonstrate that the defendant was not in custody, and, therefore, the officer's preliminary inquiry did not amount to custodial interrogation. The defendant was alone outside the van when the officer approached. Further, the preliminary inquiry took place in the "public view," an atmosphere which was far less intimidating than the police dominated atmosphere at issue in *Miranda*. See *Berkemer* v. *McCarty*, 468 U.S. 420, 438-442 (1984). Therefore, the defendant was not entitled to any Miranda warnings at that point.

The defendant also argues that his statements were involuntary because he was intoxicated at the time. "Intoxication alone is not sufficient to negate an otherwise voluntary act." *Commonwealth* v. *Doucette*, 391 Mass. 443, 448 (1984). The record shows that the defendant did not need any assistance in standing. The testimony established that the defendant responded to the officer's inquiries in a prompt and intelligible manner. Thus, the defendant was not obviously and seriously disabled because of

---

[1]Defense counsel claims error in the refusal of the trial judge to allow him to ask Officer Walsh before the jury whether he had told the defendant that he was free to walk away. Because the question related to whether the defendant was subjected to custodial interrogation, thus requiring Miranda warnings, that issue was for the judge to determine not the jury. *Commonwealth* v. *Tavares*, 385 Mass. 140, 153 n.19, cert. denied, 457 U.S. 1137 (1982).

intoxication. This case "depicts a situation where drinking has caused a defendant to make remarks which he might, after sober reflection, regret, but which nonetheless are admissible at trial on the issue of guilt." *Commonwealth* v. *Doyle*, 12 Mass. App. Ct. 786, 796 (1981).

2. *Denial of motion for required finding of not guilty.* In *Commonwealth* v. *Forde*, 392 Mass. at 457-458, the court held that a criminal defendant may not be convicted based solely on his uncorroborated confession. "The corroboration rule requires only that there be some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary. [citations omitted]. The corroborating evidence need not point to the accused's identity as the doer of the crime." *Id.* at 458.

*Commonwealth* v. *Leonard*, 401 Mass. 470 (1988), like the present case, concerned a prosecution for operating a motor vehicle while under the influence of intoxicating liquor. Leonard, like this defendant, admitted operation to the police, and then claimed at trial that apart from his statement, there was no corroborative evidence of operation. The court agreed with the defendant and found error in the denial of his motion for a required finding of not guilty.

Despite the facial similarity between *Leonard* and this case, *Leonard* is distinguishable. In *Leonard*, the defendant was fighting with his wife on the side of the road near a parked automobile when he was first observed. The defendant was shouting at his wife, who had possession of the automobile keys, "Give me the keys," and "Give me back the f——— keys." When the police arrived, they observed the defendant sitting in the front seat of the automobile with his wife on his lap. The defendant was trying to put the key in the ignition and his wife was trying to stop him. After the defendant was removed from the automobile, his wife asked for her cigarettes, and they were retrieved from the floor on the passenger side. The court held the "inference to be drawn from the location of the cigarettes [was] speculative, especially since there was a struggle inside the vehicle." *Id.* at 473. It also stated that "[t]he defendant's demand that his wife 'give . . . back' the keys [was] ambiguous and speculative also, in light of the fact that the defendant had been allowed to operate the vehicle earlier in the day." *Id.*

Here, the defendant was observed at 3:10 A.M., standing at the rear of a van with two flat tires which was resting on a curb. The weather was clear and the paved road was dry and free of defects. No other persons or vehicles were in the vicinity except for the police. Compare *Commonwealth* v. *Otmishi*, 398 Mass. 69, 71 (1986). That evidence was sufficient to corroborate the defendant's statement that he had operated the van. Therefore, the judge did not commit error when he denied the defendant's motion for a required finding of not guilty. ·

3. *The judge's instructions to the jury.* The defendant's contention that the judge committed error in his instructions to the jury is without merit.

Because of the defendant's stipulation that he was intoxicated during the relevant period, the judge's instruction as to the blood alcohol test was "mere surplusage, and could not have affected the jury's verdict." *Commonwealth* v. *Massey*, 402 Mass. 453, 456 (1988).

*Judgment affirmed.*

*Paul L. Nevins* (*Philip R. Olenick* with him) for the defendant.

*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.