Commonwealth *v.* D'Agostino.

COMMONWEALTH *vs.* ANTHONY D'AGOSTINO.

No. 94-P-51.

Essex. December 14, 1994. - March 3, 1995.

Present: WARNER, C.J., SMITH, & LAURENCE, JJ.

Further appellate review granted, 420 Mass. 1102 (1995).

*Motor Vehicle*, Operating under the influence, Investigation of accident. *Evidence*, Admissions and confessions, Blood alcohol test. *Constitutional Law*, Admissions and confessions, Self-incrimination. *Practice, Criminal*, Instructions to jury, Retroactivity of judicial holding.

A police officer's questioning of the driver of an automobile and his request that the driver perform a field sobriety test did not, in the circumstances, amount to a custodial interrogation before which Miranda warnings were required. [208]

In the circumstances of an appeal from a conviction of operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24, this court concluded that the holding of *Commonwealth* v. *Zevitas*, 418 Mass. 677 (1994), should be applied retroactively, and that the judge violated the defendant's privilege against self-incrimination under art. 12 of the Massachusetts Declaration of Rights by instructing the jury as mandated by G. L. c. 90, § 24 (1) (*e*). [208-209]

At the trial of a complaint for operating a motor vehicle while under the influence of alcohol, error in the judge's instruction to the jury pursuant to G. L. c. 90, § 24 (1) (*e*), warning against drawing any inferences for or against any party from the absence of evidence of any blood alcohol level test, was not shown to be harmless beyond a reasonable doubt and a new trial was required. [209-210]

COMPLAINT received and sworn to in the Lynn Division of the District Court Department on June 28, 1991.

On transfer to the jury session of the Peabody Division, a pretrial motion to suppress evidence was heard by *Domenic J.F. Russo*, J., and the case was tried before him.

*Risa Freeman* for the defendant.

*Margaret J. Perry*, Assistant District Attorney, for the Commonwealth.

WARNER, C. J. The defendant was found guilty by a District Court jury of the charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24. The defendant alleges error in (1) the admission of statements he made to police in the course of the roadside stop, and (2) the judge's instruction to the jury pursuant to G. L. c. 90, § 24(1)(e), concerning the absence of blood alcohol evidence. We decide that the instruction constituted reversible error in this case.

We summarize the pertinent evidence adduced at trial. The two arresting police officers testified that they had observed the defendant at the scene. Through them evidence was presented that the defendant was unsteady on his feet, his eyes were "glossy" [sic] and "watery," his breath had a strong odor of alcohol, and his speech was slurred. The officers described the defendant as verbally abusive and belligerent. Each of the police officers testified that he formed an opinion, at the time of arrest, that the defendant was under the influence of alcohol. An emergency medical technician who observed the defendant at the police station in response to his request for medical treatment likewise testified that he formed the opinion that the defendant was intoxicated at the time of his arrest.

The police officers were also permitted to testify to statements made by the defendant during the roadside stop.[1] When asked by an officer where he was coming from, the defendant replied, "I had a couple drinks." One of the officers requested that the defendant perform a field sobriety test which he refused stating that he "didn't want to take any test." At the conclusion of all this evidence, the judge instructed the jury as required by G. L. c. 90, § 24(1)(e), to which the defendant did not object. The jury returned a verdict of guilty, and the defendant was sentenced to one year in the Essex County house of correction, six months to be served, with six months suspended.

---

[1] The defendant filed a motion to suppress certain statements on the ground that he was deprived of Miranda warnings. After a hearing, the judge denied the motion in an oral order.

1. *Denial of defendant's motion to suppress.* The question regarding the defendant's whereabouts prior to the stop constituted "[g]eneral on-the-scene questioning" by the officer and did not require the officer to administer Miranda warnings. *Commonwealth* v. *McNelley,* 28 Mass. App. Ct. 985, 986 (1990), quoting from *Commonwealth* v. *Merritt,* 14 Mass. App. Ct. 601, 604 (1982). The facts surrounding the inquiry demonstrate that the questioning was part of a temporary routine traffic stop and did not amount to a custodial investigation. See *Berkemer* v. *McCarty,* 468 U.S. 420, 440 (1984). Only a brief period of time elapsed between the initial stop of the defendant's car and the officer's question,[2] and the encounter took place in the "public view" on the side of the roadway, an atmosphere far less coercive than the station house. See *Commonwealth* v. *McNelley, supra* at 986; *Commonwealth* v. *Ayre,* 31 Mass. App. Ct. 17, 20 (1991); *Commonwealth* v. *Smith,* 35 Mass. App. Ct. 655, 657-658 (1993). Similarly, the officer's request that the defendant perform the field sobriety test did not, in the circumstances, subject the defendant to custodial interrogation or entitle him, at that point, to Miranda warnings. See *Commonwealth* v. *Ayre,* 31 Mass. App. Ct. at 20-21.

2. *The erroneous instruction.* The defendant contends that the judge violated his privilege against self-incrimination contained in art. 12 of the Massachusetts Declaration of Rights by instructing the jury as mandated by G. L. c. 90, § 24(1)(*e*). The Commonwealth argues the instruction was not a violation of art. 12; but if so, any error did not create a substantial risk of a miscarriage of justice under the circumstances, the standard it asserts applies. We hold that *Commonwealth* v. *Zevitas,* 418 Mass. 677 (1994), controls the present case in all respects and requires us to find reversible error.

---

[2]The officer testified at the suppression hearing that the defendant was still in his automobile when he posed the question of the defendant's previous whereabouts. He further testified that the time between the initial stop and the question to the defendant was "very short" and "much less" than a couple of minutes.

We conclude that the new rule announced in *Commonwealth* v. *Zevitas, supra*, that the mandatory jury instruction "unconstitutionally compels an accused to furnish evidence against himself," *id.* at 683, citing *Opinion of the Justices*, 412 Mass. 1201, 1211 (1992); see also *Commonwealth* v. *Lydon*, 413 Mass. 309, 314-315 (1992), should be applied retroactively to this case. "Retroactive application of a rule of criminal law is indicated if (1) a case is on direct appeal . . . when the new rule is announced, and (2) the issue was preserved at trial." *Commonwealth* v. *Figueroa*, 413 Mass. 193, 202 (1992), quoting from *Commonwealth* v. *Libran*, 405 Mass. 634, 645 (1989). The defendant's direct appeal was pending at the time the *Zevitas* rule was announced. In addition, the defendant is entitled to the benefit of the new rule even though he failed to object to the instruction at trial because "the constitutional theory on which the defendant has relied was not sufficiently developed at the time of trial . . . to afford the defendant a genuine opportunity to raise his claim at [that] juncture[] of the case." *Commonwealth* v. *Rembiszewski*, 391 Mass. 123, 126 (1984). See also *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 248 (1980).[3] The defendant's constitutional claim is considered "as if it were here for review in the regular course," *Commonwealth* v. *Rembiszewski*, 391 Mass. at 126, quoting from *Commonwealth* v. *Kater*, 388 Mass. 519, 533 (1983), and, therefore, we must decide whether the Commonwealth has demonstrated that the error claimed was harmless beyond a reasonable doubt. See *Commonwealth* v. *Curtis*, 417 Mass. 619, 635 (1994). Contrast *Commonwealth* v. *Lydon*, 413 Mass. at 313.

---

[3]We do not require "lawyers to be clairvoyant and to object to instructions not yet identified as constitutional error." *Commonwealth* v. *Repoza*, 400 Mass. 516, 520 (1987). The defendant's trial in the present case was held on March 19 and 20, 1992. The *Opinion of the Justices, supra*, submitted to the Senate on May 12, 1992, was the first indication that any statement regarding the lack of blood alcohol evidence violated art. 12. The defendant relied on this opinion in attacking the instruction in his initial brief filed in April, 1994. The *Zevitas* decision was not issued until September 23, 1994.

We cannot say that the jury refrained from concluding that the defendant had refused to submit to a blood alcohol test despite the judge's warnings against drawing any inferences for or against either party from the lack of evidence at trial. *Commonwealth* v. *Zevitas*, 418 Mass. at 683-684. We further cannot conclude beyond a reasonable doubt that the jury did not use this evidence against the defendant in violation of his art. 12 rights. *Id.* at 684. See also *Commonwealth* v. *Perrot*, 407 Mass. 539, 549 (1990). "Where the prejudicial remarks fall from the judge himself, the effect on the jury is likely to be more damaging [than the erroneous admission of testimony] . . . ." *Commonwealth* v. *Zevitas*, 418 Mass. at 684, quoting from *Commonwealth* v. *Goulet*, 374 Mass. 404, 414 (1978). The error in this case was not harmless beyond a reasonable doubt.

*Judgment reversed.*
*Verdict set aside.*