## Commonwealth *vs.* Samneang Ka.

No. 06-P-1739.

Middlesex. June 4, 2007. - September 14, 2007.

Present: Kantrowitz, Green, & Katzmann, JJ.

*Motor Vehicle,* Operating under the influence. *Evidence,* Voluntariness of statement, Argument by prosecutor. *Practice, Criminal,* Voluntariness of statement, Argument by prosecutor.

The judge presiding over the trial of a criminal complaint charging operation of a motor vehicle while under the influence of alcohol, G. L. c. 90, § 24, erred in refusing to conduct a pretrial hearing on, or otherwise consider, the defendant's motion to suppress evidence of inculpatory statements she made at the time of her arrest in response to police questions regarding her alcohol consumption, which questions were not preceded by Miranda warnings, where the motion was sufficient to raise the issue of Miranda compliance, and the defendant was entitled to a ruling before the evidence of her statements was admitted [139-140]; nevertheless, the judge's error was harmless beyond a reasonable doubt to the defendant, given that the motion to suppress was unlikely to succeed, because, although it was unclear whether Miranda rights would have attached in the circumstances, the evidence sought to be suppressed was cumulative of police testimony, and the Commonwealth presented strong evidence on the defendant's impairment by reason of the alcohol she had consumed [140].

Even assuming that the prosecutor's opening statement and closing argument at a criminal trial were improper, the defendant suffered no prejudice, in light of the strength of the Commonwealth's case and the judge's instructions to the jury. [140-141]

Complaint received and sworn to in the Lowell Division of the District Court Department on December 6, 2005.

The case was tried before *William E. Melahn,* J.

*Brad P. Bennion* for the defendant.

*Martha A. Holt,* Assistant District Attorney, for the Commonwealth.

Green, J. On appeal from her conviction on a charge of operating a motor vehicle while under the influence of alcohol, see

G. L. c. 90, § 24, the defendant claims that she was prejudiced at trial by the improper admission of inculpatory statements she made at the time of her arrest, and by improper comments by the prosecutor in her opening and closing arguments.[1] We conclude that the trial judge erred in refusing her request for a ruling on her motion to suppress the statements, but that any error in the admission of the statements was not prejudicial in light of the strength of the evidence against her. We also conclude that the prosecutor's argument does not warrant a new trial. We accordingly affirm the judgment of conviction.

*Background.* The evidence at trial was to the following effect. At approximately 9:30 P.M. on the evening of December 5, 2005, a resident of Foster Street in Lowell heard a loud crash, followed by a scream, outside his home. He looked out his window and saw that a car had crashed into another car that had been parked on the side of the street. He called 911, then went outside. There he found the defendant, who was walking around her car to survey the damage it suffered in the crash. The defendant's young son was inside the car, crying and "terrified." The car's engine was still running.

By the time Lowell police officer Michael Burke arrived at the scene, medical personnel were attending to the defendant's son. Officer Burke observed damage to two parked cars, which were approximately thirty or forty feet apart. The defendant informed Officer Burke that "another car had driven her off the road," but she was unable to describe the other vehicle. Officer Burke observed that the defendant smelled of alcohol, that her eyes were red and bloodshot, and that she seemed unsteady on her feet. Officer Burke asked if she had consumed any alcoholic beverages that evening, to which the defendant responded that she had had "some Heinekens." The defendant appeared to Officer Burke to be both agitated and confused. At some point, without prompting, the defendant began reciting the alphabet to Officer Burke, though she did so very rapidly and Officer Burke was unable to understand much of what she said.

Officer Stephen Morrill booked the defendant at the Lowell police station at approximately 11:00 P.M. The defendant ap-

---

[1]A charge of driving with an unrestrained child under five years old, under G. L. c. 90, § 7AA, was placed on file with the defendant's consent.

peared to Officer Morrill to be "confused and upset," and he described her as having glassy, red and watery eyes, unsteady on her feet, and smelling of alcohol. At one point, Officer Morrill had to assist the defendant with her balance, and thereafter the defendant used a wall to steady her balance. The defendant was unable to walk straight.

*Motion to suppress.* On March 24, 2006, the defendant filed a motion to suppress her statements to Officer Burke, on the ground that she had not received Miranda warnings before responding to his question about her consumption of alcohol. See *Miranda* v. *Arizona*, 384 U.S. 436, 444 (1966). The Commonwealth filed no opposition to the motion, and the judge took no action on it prior to the date the case was called for trial. On May 23, 2006, before trial began, defense counsel called the motion to suppress to the attention of the judge. He stated "I'm not looking for a full suppression hearing, I just ask the Court consider it[,] possibly doing a voir dire." The judge refused to conduct a hearing or otherwise rule on the motion, whereupon defense counsel asked the judge to consider the defendant's Miranda claim during the trial when Officer Burke testified about her statements to him. The judge indicated his intention to consider the defendant's Miranda claim if testimony at trial implicated an issue, and trial began.

During trial, Officer Burke testified that, on detecting the odor of alcohol on the defendant's breath, he asked her whether she had consumed any alcoholic beverages that evening. The defendant's objection was overruled, and the officer testified that the defendant responded that "[s]he said she had some Heinekens." On cross-examination, after eliciting from Officer Burke the fact that he did not administer Miranda warnings to the defendant, the defendant's counsel asked Officer Burke whether she was free to leave at the time he asked her about her consumption of alcohol on the evening of the accident. The judge sustained the prosecutor's objection to the question, and the trial concluded without further inquiry into the Miranda issue.

The judge's refusal to conduct a hearing on, or otherwise consider, the Miranda issue was error. The defendant's pretrial motion to suppress was sufficient to raise the issue of Miranda compliance, see Mass.R.Crim.P. 13(c)(2), as appearing in 442

Mass. 1516 (2004), and the defendant was entitled to a ruling on her motion before the evidence of her statements was admitted. Even where a defendant does not file a pretrial motion to suppress, a seasonable objection at trial places the burden on the Commonwealth to establish that the defendant's constitutional rights were not violated. See *Commonwealth* v. *Woods*, 419 Mass. 366, 370 (1995).

We consider whether the error was harmless beyond a reasonable doubt to the defendant. See *Commonwealth* v. *Miller*, 68 Mass. App. Ct. 835, 843-844 & n.4 (2007). It is unlikely that the defendant's motion to suppress would have been successful, had the judge considered it. Miranda warnings are not required for general on-scene questioning incident to a routine traffic stop, including a question whether the driver has been drinking. See *Commonwealth* v. *Sauer*, 50 Mass. App. Ct. 299, 301 (2000). See also *Commonwealth* v. *McNelley*, 28 Mass. App. Ct. 985, 986 (1990); *Commonwealth* v. *D'Agostino*, 38 Mass. App. Ct. 206, 208, *S.C.*, 421 Mass. 281, 281 n.1 (1995).

Moreover, though the record is not sufficiently developed to allow us to determine the question with certainty (due in part to the prosecutor's successful objection to the defendant's efforts to elicit testimony bearing on whether she was in custody at the time of her inculpatory statements), we are satisfied that the statements were harmless even if we were to assume they should have been suppressed. To the extent that the defendant's admission to having consumed "some Heinekens" established the fact that she had consumed alcohol on the evening in question, it was cumulative of the testimony of Officers Burke and Morrill that the defendant smelled of alcohol. The essential question at trial was not whether the defendant had consumed any alcohol, but whether she was impaired by reason of the alcohol she had consumed. On that question, the Commonwealth's evidence was strong, including the officers' testimony that she was unsteady on her feet, had glassy and bloodshot eyes, and began reciting the alphabet (albeit incomprehensibly) without prompting. See *Commonwealth* v. *Perez*, 411 Mass. 249, 260-261 (1991).

*Improper argument.* We similarly conclude that the defendant is entitled to no relief by reason of alleged improprieties the prosecutor's opening statement and closing argument. The

prosecutor's comments implicitly criticizing the defendant's apparent lack of concern for the condition of her son were perhaps of only marginal relevance to the question of her intoxication.[2] However, in light of the strength of the Commonwealth's case, and the judge's instruction to the jury that they should not allow sympathy to influence their decision, we are satisfied that the defendant suffered no prejudice, even were we to accept her assertion that the comments were improper. See *Commonwealth* v. *Santiago*, 425 Mass. 491, 500 (1997).[3]

*Judgment affirmed.*

---

[2]During her opening statement, the prosecutor stated that

> "On December 5th, 2005, this defendant was so drunk that when she got into a car accident, she was more concerned about where her car was going to be towed than the well-being of her two-year-old son."

During her closing argument, the prosecutor commented as follows:

> "You also have the defendant's own behavior that day, her reaction to the accident. Sure she's upset there's a car accident, but her son [is] also obviously distraught. . . .

> "You heard the officer, Officer Burke, testify that while this child is being put into that backboard . . . this defendant is spending more of her time going around trying to get people to listen to her story. Ladies and gentlemen, I would suggest that you take that into consideration, based on whether it's a sign of her impairment that night."

[3]The defendant objected at trial only to the prosecutor's comments in her opening statement. The prosecutor's comments in her closing would accordingly warrant relief only if they created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Beaudry*, 445 Mass. 577, 587 (2005).