NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-120

COMMONWEALTH

vs.

NATACHA SMITH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a conviction by a District Court jury of operating a motor vehicle under the influence of intoxicating liquor (OUI) in violation of G. L. c. 90, § 24 (1) (a) (1). We affirm.

Under the OUI statute, the Commonwealth was required to prove that the defendant: (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). On appeal, the defendant primarily argues that the evidence was insufficient as to the element of operation.

The term "operate" has been broadly interpreted. It "is not limited to driving a vehicle or setting it in motion, but encompasses also the intentional act of starting the vehicle's engine." Commonwealth v. Eckert, 431 Mass. 591, 599 (2000).

Thus, a "person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, [she] intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle."  Commonwealth v. Uski, 263 Mass. 22, 24 (1928).

The Commonwealth presented ample evidence of operation. The arresting officer testified that he observed the defendant's vehicle stopped "at an angle over the fog line" in the road shortly after 12:45 A.M. with "its lights on running" and the "keys . . . in the ignition."  When asked to clarify what he meant by "running," the officer testified that "[t]he vehicle was on.  The vehicle was in park, but the vehicle was -- was in operation."

The defendant acknowledges such evidence of operation, but argues that the evidence she presented caused the Commonwealth's case to "deteriorate."  She specifically points to testimony from an investigator that her vehicle has a "keyless entry ignition," i.e., one that relies on the driver's using an electronic button rather than inserting and turning a key.[1] According to the defendant, this evidence so undercut the Commonwealth's evidence of operation that no rational juror

_____

[1] In addition to the investigator's testimony, two photographs of the "keyless ignition" were also admitted in evidence.

2

could find her guilty beyond a reasonable doubt. See Commonwealth v. O'Laughlin, 446 Mass. 188, 203-204 (2006). We are unpersuaded.

Even if the jury were to conclude that the officer's testimony about there being a key "in the ignition" was mistaken, it still could have credited the officer's other testimony that the car was "running." See Commonwealth v. Spinucci, 472 Mass. 872, 878 (2015) ("The jury, of course, were free to believe or disbelieve, in whole or in part, the testimony of each witness"). See generally Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017) ("Deterioration does not occur merely because the defendant contradicted the Commonwealth's evidence. . . . Rather, if the Commonwealth has presented sufficient evidence that the defendant committed the crime, the fact that the defendant has presented evidence that he did not does not affect the sufficiency of the evidence unless the contrary evidence is so overwhelming that no rational jury could conclude that the defendant was guilty" [quotation and citation omitted]). It was for the jury to resolve any discrepancy in the evidence. See Commonwealth v. Lopez, 484 Mass. 211, 215 (2020) ("If the evidence lends itself to several conflicting interpretations, it is the province of the jury to resolve the discrepancy and determine where the truth lies" [quotation and citation omitted]).

3

On top of this, the Commonwealth's case did not depend on whether the car was "in operation" at the time the officer stopped. The evidence was uncontested that the defendant was found alone and asleep in her vehicle which was parked askew in the road. Given the positioning of the vehicle and absence of other potential drivers, a rational jury could reasonably conclude that the defendant had driven to this spot while under the influence of alcohol. See Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 319 (1994) ("evidence of irregular parking" can be "sufficient to permit an inference that the defendant, impaired by alcohol, drove [her] car to the place where the police found [her] 'passed out'"). See also Commonwealth v. Hilton, 398 Mass. 63, 67 n.5 (1986) ("[OUI cases are] not to be tried with an ostrich-like attitude -- one's head in the sand. Defendant's car didn't reach the position where it was found by some magical process . . . it had to have been 'operated' by someone to get it to the place where the [officer] found it, with defendant in it" [citation omitted]).

The defendant also argues that the officer's testimony that the vehicle was "in operation" was an improper lay opinion on an ultimate issue in the case. See Commonwealth v. Canty, 466 Mass. 535, 541, 544 (2013) (witness may opine about "apparent intoxication" as "words of summary description" but "may not opine as to the ultimate question whether the defendant was

4

operating while under the influence" [citations omitted]).
Viewed in context, the officer's reference to the car as being
"in operation" was merely a summary description that the car was
"on," as opposed to a specific comment on an ultimate issue.
See id.  In addition, the jury were expressly instructed that
they were the sole arbiters of the facts, an instruction that
mitigated any prejudice.  See Gallagher, 91 Mass. App. Ct. at
390.  Even to the extent it might have been better practice for
the officer to avoid the term "operation," there was nothing
here approaching an error that caused a substantial risk of a
miscarriage of justice (the standard that applies in light of
the fact that no objection was lodged).  Indeed, we note that
even in Canty itself, the case on which the defendant's argument
depends, the court found no reversible error despite the fact
that the witness testimony there raised a closer question.  See
Canty, 466 Mass. at 545.

Judgment affirmed.

By the Court (Milkey, Singh &
Brennan, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  March 20, 2023.

---

[2] The panelists are listed in order of seniority.